United States District Court
Southern District of Texas
**ENTERED**
September 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN NELSON CROTTS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-02547 |
| | § | |
| REGINALD ROBINSON, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Alan Nelson Crotts, proceeding *pro se* filed a petition for a writ of habeas corpus. For the following reasons, the petition is denied, and this case is dismissed with prejudice.

### I.    Background

Crotts was convicted of misdemeanor assault causing bodily injury family violence and sentenced to probation in Fort Bend County, Texas. Petition, (Doc. # 1), at 1. The Texas First Court of Appeals affirmed the conviction on July 18, 2017. *Crotts v. State*, No. 01-15-01108-CR, 2017 WL 3027657 (Tex.App. – Houston [1st Dist.], July 18, 2017, pet ref'd), The Texas Court of Criminal Appeals refused Crotts's petition for discretionary review on November 22, 2017. Crotts did not file a petition for a writ of *certiorari*.

On February 19, 2018, Crotts filed a state application for a writ of habeas corpus. The trial court denied relief, and the Court of Appeals affirmed. *Ex Parte Crotts*, No. 01-18-00666-CR, 2019 WL 6314906 (Tex.App. – Houston [1st Dist.] Nov. 26, 2019). Crotts did not petition the Court of Criminal Appeals for discretionary review.

Crotts filed a federal petition for a writ of habeas corpus on September 8, 2020. *Crotts v. Middleton*, No. 4:20-cv-3126 (S.D. Tex.). On February 3, 2021, Crotts moved to voluntarily dismiss his petition because he had not yet exhausted his claims in state court. *Id.* at ECF 19. The Court granted the motion and dismissed the case without prejudice on April 30, 2021. *Id.* at ECF 20. The respondent moved to alter or amend the judgment to make the dismissal with prejudice, but the Court denied the motion and, on August 15, 2022, the Fifth Circuit affirmed. *Crotts v. Robinson*, No. 21-20347 (5th Cir. Aug. 15, 2022).

Crotts filed a second state writ application on February 9, 2021. The trial court denied relief, the Court of Appeals affirmed an, on January 26, 2022, the Court of Criminal Appeals denied Crotts's petition for discretionary review. *Ex Parte Crotts*, No. 01-21-00239-CR, 2021 WL 5702465 (Tex. App. – Houston [1st Dist.] Dec. 2, 2021, pet ref'd).

Crotts filed his current petition on August 1, 2022. The respondent now moves for summary judgment, arguing that the petition is barred by the statute of limitations and that Crotts's claims are procedurally defaulted.

**II.     Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Texas Court of Criminal Appeals refused Crotts's petition for discretionary review in is direct appeal on November 22, 2017. Because Crotts did not file a petition for a writ of *certiorari*, his conviction became final 90 days later, on February 20, 2018. *See Roberts v.*

*Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)("If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.' We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort"). Thus, absent tolling, the limitations period expired on February 20, 2019.

The statute of limitations is extended during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending ...," 28 U.S.C. § 2244(d)(2), Crotts filed his first state habeas application on February 19, 2018. This tolled the statute of limitations before it began to run. The Court of Appeals affirmed the trial court's denial of relief on November 26, 2019, and Crotts did not petition for discretionary review. The statute of limitations thus began to run 30 days later, *see* Tex. R. App. P. 68.2(a), giving Crotts until December 26, 2020 to file his federal petition. Because December 26, 2020 was a Saturday, the filing deadline was extended until the next business day, December 28, 2020. Crotts filed this federal petition on August 1, 2022.

Crotts does not dispute the timeline set out above, but contends that his first federal petition, which was voluntarily dismissed without prejudice, tolled the statute of limitations. Crotts is mistaken.

The statute is clear that only a properly filed application for state habeas corpus or other *state* collateral relief stays the limitations period. "[T]he filing of a petition for habeas corpus in federal court does not toll the statute of limitations . . . ." *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005).

Assuming without deciding that Crotts's second state habeas application was "properly filed" within the meaning of the statute, it did nothing to toll the statute of limitations. Crotts filed

his second state application on February 9, 2021.  *See* Respondent's Motion for Summary Judgment, Exh. 3 (Doc. # 13-3) at 20.  Because the limitations period expired over a month before that filing, there was no limitations period left for the application to toll.  Crotts's federal habeas petition, filed more than 18 months after the limitations period expired, is therefore barred by the statute of limitations.

### III.    Certificate of Appealability

Crotts has not requested a certificate of appealability, but this Court may determine whether he is entitled to one.  *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a certificate either from the district court or an appellate court, but an appellate court will not consider it until the district court has denied the request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

Jurists of reason would not find it debatable that the petition is time-barred. Crotts has therefore failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

### IV. Conclusion and Order

Alan Nelson Crotts's Petition for Writ Of Habeas Corpus, (Doc. # 1), is DENIED and is dismissed with prejudice. No certificate of appealability is issued.

It is so ORDERED.

SIGNED on September 11, 2023, at Houston, Texas.

Kenneth M. Hoyt  
United States District Judge